h DAVID S. GORBATY, Judge.
Dr. Maria Carmen Palazzo appeals a judgment of the Office of Workers’ Compensation dismissing her claim for unpaid medical benefits on the basis that the claim had prescribed. For the following reasons, we reverse and remand.
PROCEEDINGS BELOW:
On April 28, 2000, Dr. Maria Carmen Palazzo filed in proper person a disputed claim for compensation relative to treatment she provided to Robert Johnson. In her claim, Dr. Palazzo, a psychiatrist, claimed that she had treated Mr. Johnson from 1993 to 1996, but had not been paid for $18,000 in medical treatment.
Dr. Palazzo’s claim was docketed as a new claim for compensation and assigned a claim number separate from that of Mr. Johnson’s underlying workers’ compensation claim. The Louisiana Worker’s Compensation Corporation (LWWC) filed an exception of prescription to the claim, alleging that the last payments made to Dr. Palazzo were made more than three years prior to the filing of her claim for compensation. The matter was set for hearing.
[2On the day of hearing, counsel enrolled for Dr. Palazzo and filed an opposition to the exception. In the opposition, counsel admitted that the last payment made to Dr. Palazzo was on July 8, 1996. However, counsel argued that on October 26, 1999, a medical utilization review panel rendered a decision denying payment of any outstanding bills submitted by Dr. Pa-lazzo. That decision also contained language that any party who disagreed with the decision could file a formal dispute. Dr. Palazzo filed a “formal dispute” in the form of her claim for compensation benefits on April 28, 2000, within one year of the decision by the medical utilization re *1125 view panel. Thus, her claim had not prescribed.
Counsel for LWCC informed the court that LWCC had stopped making payments to Dr. Palazzo in July 1996, after receiving information from Dr. Palazzo’s office that it was submitting the bills to Social Security for payment because the medical utilization process under the Workers’ Compensation Act was too complicated. No evidence was introduced to substantiate this statement.
After taking the matter under advisement, the trial court rendered judgment finding that the claim was prescribed because over three years had elapsed since the last payment to Dr. Palazzo by LWCC, and that more than three years had elapsed since Dr. Palazzo requested utilization review of her demand for payment.
DISCUSSION:
Louisiana Code of Civil Procedure art. 931 provides that “[o]n the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the | ^grounds thereof do not appear from the petition.” Generally, the party raising the exception of prescription bears the burden of proof. This is the rule unless prescription is evident from the face of the pleadings. If that be the case, the burden shifts to the plaintiff to prove that the action has not prescribed. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).
After a thorough review of the scant record in this case, we are unable to uncover any evidence either to support the exception of prescription or to controvert it. On its face, Dr. Palazzo’s claim for compensation had not prescribed as of the time of filing. She alleged in her claim that she had rendered services to Mr. Johnson from 1993 through 1999. She filed her claim for compensation in April 2000; therefore, on the face of her petition, the claim had not prescribed. LWCC filed an exception of prescription and memorandum in support alleging that the claim had prescribed because more than three years had elapsed since its last payment to Dr. Palazzo. Allegations made in memoranda are not evidence. However, at the hearing on the exception, Dr. Palaz-zo submitted a memorandum in opposition to the exception in which she admitted that the last payment made to her by LWCC was on or about July 8, 1996. The trial court was within its discretion to accept this statement as a judicial confession. La. Civil Code art. 1853. On that basis, it would appear that the trial court was correct in maintaining the exception of prescription.
However, Dr. Palazzo argued at the hearing that she had filed her claim for compensation within one year of a ruling by the medical utilization board denying |4payment of her outstanding bills. She argued that workers’ compensation statutes do not state how long a party has to object to the ruling. Counsel for LWCC admitted that Dr. Palazzo requested payment of outstanding bills in July of 1996, and that LWCC denied her first request on July 14, 1999, and her second request on July 28. The second denial of payment is what forced a review by the medical utilization process. There is nothing in the record to indicate on what date prior to July 14, 1996 Dr. Palazzo resubmitted the bills. Likewise, LWCC offered no documentary or testimonial evidence to support its allegations that Dr. Palazzo’s office had conveyed that it would no longer submit its bills to LWCC, but would instead seek payment through Social Security.
*1126 Louisiana Revised Statute 23:1209 provides that when medical payments have been made in connection with a compensation claim, prescription does not run until the expiration of three years from the time of making the last payment of medical payments.
Dr. Palazzo admitted that the last payment made to her was on or about July 8, 1996. Thus, if she resubmitted bills to LWCC on or prior to July 8, 1999, her claim did not prescribe. The record before us is void of any admissible evidence to the contrary. LWCC cannot wait until after a prescription date to deny payment, and then urge an exception of prescription. Thus, we reverse the judgment of the trial court maintaining LWCC’s exception of prescription, and remand this matter to the trial court for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.